For this morning is Ali v. Final Call, and Muhammad Ali v. Final Call. Mr. Stays. Good morning, Your Honors. Good morning. Good morning. May it please the Court, this appeal presents two issues. First, whether a copyright infringement plaintiff must affirmatively prove, as part of his or her case, that the defendant's infringing acts were unauthorized, or whether the defendant must prove authorization as an affirmative defense. Then, if you agree with Mr. Ali that the defendant must prove authorization as part of an affirmative defense, the second issue is whether the Final Call... I don't think it is, Your Honor. I think the law... ... infringement suits have been going on for, you know, hundreds of years. I completely agree, Your Honor. I don't think this is an open question. I think the law in this circuit is clear, and I think when you talk about... So here's the problem, and this was the opening page of your brief, basically, that the law has been very clear that authorization is a defense, whether one has an express license, an implied license, and there's been famous litigation over this between, you know, companies like Microsoft and Apple and so on. But you have, in the record, the district court judge's finding, whether we want to call it a finding in the alternative or whatever, where he says, well, even if I'm wrong that the burden was on Mr. Ali, does he prefer to be called Mr. Ali or Mr. Muhammad Ali? We've been using Mr. Ali for the purposes of the briefs assembly because it's shorter. All right. I mean, I just want to get that right. I think it's proper. So the district judge says, even if I'm wrong about thinking that it was Mr. Ali's burden to prove lack of authorization, I'm now going to discuss what it would look like if, in fact, it was Final Call's burden to show that it had some license. And he looks at a March 2008 letter, and he looks at some other evidence in the record, and he says, I think Final Call would have satisfied that burden. So maybe you should start there. With the affirmative defenses? Yeah. Based on the fact that the district judge has that set of comments. Yeah, I agree. The district court did engage in something of its own harmless error analysis, saying that even if I'm wrong on this burden issue, the Final Call introduced sufficient evidence to prove some defense. I mean, I don't know that it's entirely clear which defense the district court's verdict is premised on. It looked like implied license to me. That's what I think, Your Honor. But the district court, throughout this litigation, seemed to have equated implied license, first sale, and this amorphous concept of authorization, saying they're all the same kettle of fish. And the verdict also mentions ---- So looking at page A14, and it may be that this is the crux of your argument, the whole thing is done and wrapped up in a couple of lines. He says, in the end, it doesn't matter. Even if the burden were on the Final Call, I would find that the Final Call from the evidence is established by preponderance. Then he says there's a fly in the ointment. They waived everything. And then he says there's no prejudice in allowing them to rely on the affirmative defense. And so that ---- So why wouldn't there be ---- So let me give you at least my best take on that. You've got the March 2008 letter. You have the fact that a fair amount of time passes between the creation of this portrait and this litigation. I know he's not trying to recover for issues of reproductions from that time, but you might think that this suggests a period of acquiescence, like, yes, it's okay with me for you to be using these lithographs. I don't know. But maybe you should address why you think there is no implied license. Okay. So first of all, implied license is a narrow defense. It's a copyright act. Section 204 traditionally requires a writing. The Act, as it revised in 1976, was supposed to ---- Congress's main purpose was to have the copyrights clearly defined. So implied license is a narrow defense. And then this circuit in Shaver, following the Ninth Circuit in effect, said a non-exclusive license may be granted where, one, the licensee requests the creation of the work, the licensor makes the particular work and delivers it to the licensee, and, three, the licensor intends the licensee request or copy and distribute the work. Now, none of these factors are present with respect to the final call. So we can talk about the March 2008 letter, but I don't see how that letter shows that Mr. Ali granted the final call an implied license. Your position that it's whatever licensing there might have been was going to Minister Farrakhan. Yes, and Minister Farrakhan is not a defendant in this action. Whether he had an implied license, I think that may relate to the first sale defense. But for other reasons, I don't think the final call can prove the first sale defense. Let me just get what you just said. Let me make sure I understood that. Mr. Ali seems to have acknowledged giving a license for lithographs to Mr. Farrakhan in that letter, March 11. Why is that holding in error? Because the language of the letter seems to support it. It doesn't support a license to the final call, but why doesn't it support that there was a license given to Mr. Farrakhan? Judge River, I'm not up here arguing whether there was a license given to Minister Farrakhan. I don't think that's relevant to the purposes of this appeal, where the issue is whether an implied license is granted at the final call. And part of your argument there has to be the fact that when Minister Farrakhan, let's assume, got his license through this or it's reflected or whatever in this 2008 letter, there's a rule that says holding that kind of license doesn't entitle you then to convey it further down the line unless you actually got a full assignment of the copyright, which nobody says happened. That's exactly right, Your Honor. It doesn't come with the right to sublicense. And even if it did, there's no evidence that Minister Farrakhan sublicensed the right to copy and distribute copies of Mr. Ali's work to the final call. So first of all, there's no corporate relationship. The final call admitted there's no corporate relationship between the final call and Minister Farrakhan. Minister Farrakhan did not request the work be created or accept delivery of the work on behalf of the final call. Do copyright licenses have to be in writing? A non-exclusive license does not have to be in writing. A non-exclusive license does not have to be in writing. And you said that started in 1976 with the big overhaul of the copyright laws. Well, it started in the Ninth Circuit case in effect. They recognized that the Copyright Act, Section 204, traditionally requires a written instrument to convey any of the exclusive rights granted to the copyright holder. But it exempts a non-exclusive license from that requirement. And since the revisions to the Act in 1976, Congress wanted to promote predictability and clear ownership of copyrights. The Ninth Circuit basically said the writing requirement is the standard, but we're going to have this narrow exception, which is an implied non-exclusive license. And the Shaver factors that you've been talking about are pretty well established. Very well established. I would say every circuit employs them. They originated with the Ninth Circuit in effect, and then this circuit followed it in Shaver. But for the first two factors, it's undisputed that the final call did not request that Mr. Ali create this work or accept delivery of this work. So those two are absent. And that leaves the third factor, intent. Now, intent, or the relevant intent, is the licensor's objective intent at the time of creation and delivery of the work. Well, and also it's that the licensee. So if we substituted for the word licensor, Mr. Ali, and if we substituted for the word licensee-requester, Minister Farrakhan, that doesn't get you to the final call either. No, it doesn't. And that's the point, Your Honor. The final call is not connected to the delivery. Is it subsidiary of the? There's no legal connection between the two. They admitted, they stipulated that there was no corporate relationship between the two. And that's the problem. At the end is the problem with this implied license. Is it part of the Nation of Islam, or what? It's just kind of a freestanding corporation? I find Mr. Powers may be able to answer that better, but it's technically, I think, the propagation arm of the Nation of Islam, and there's no corporate relationship between the two. But what we're talking about is the problem with the district court's implied license finding, is that the final call is totally unconnected to the creation and delivery of the Minister Farrakhan painting in 1983. It has no connection. The only connection that the district court draws between Minister Farrakhan and the final call is this transaction that occurred between Mr. Ali and Minister Farrakhan nine years later. So effectively what the district court is doing is inferring Mr. Ali's intent in 1983 at the time of creation and delivery of the Minister Farrakhan painting on the basis of a separate and distinct transaction that occurred nine years in the future. I think that's logically flawed. Let me ask you this. The district court acknowledged in his loose ends analysis that there's no corporate relationship, as you say. But he found that there is a practical identity of interest. I have no idea, you know, between Minister Farrakhan and the final call. And I have no idea what that means. Because there's no factual or legal theory that anchors that finding. I agree completely, Your Honor. I have no idea what that means. The only finding that the district court makes linking the two is this transaction that occurred nine years later. And I guess that's what you have to say. He inferred Mr. Ali's intent back in 1983 on. But as I said, that transaction is no bearing or legal relevance to Mr. Ali's intent nine years earlier when he created and delivered the Minister Farrakhan painting. And there's no evidence. Just randomly, does the record show who actually made this lithograph? It's another huge absence of a finding of fact. There's no finding as to who actually made these prints. There's the oil painting, but the making of the lithograph is a separate undertaking. You're correct, Your Honor. The district court found that Mr. Ali didn't make the prints. But it's a huge question as to who made those prints. Because if Mr. Farrakhan made those prints, we may potentially be talking about a first sale offense. If Mr. Farrakhan did not make those prints and it was a final call, the only thing that would apply here, as far as I can tell, would be an implied license. And for the reasons I said, there can't be an implied license here. They're just totally unconnected to the creation and delivery of this work. There is nothing to infer an intent on Mr. Ali that he intended the final call copy and distribute his work. I'd just like to turn to the first sale just for one second before reserving the rest of my time. The first sale is also an affirmative defense. The first sale doctrine requires that the defendant prove each and every copy sold originated from a lawful authority, basically. In other words, the defendant has to prove chain of title. Chain of title is the essence of this defense. I mean, it is the defense. They have to prove that each copy came from a lawful authority. The final call cannot satisfy that burden in this case because its own corporate representative came up and said he did not know who created the copies of Mr. Ali's work in the final call's inventory and that the final call has no evidence of chain of title or transfer or how the final call acquired those copies of Mr. Ali's work in its inventory. Your Honor, the final call can't prove chain of title by saying it can't prove chain of title. I think any finding to the contrary is clearly erroneous, especially when there's no evidence at all showing where they got these prints from. So in conclusion, Your Honor, the final call, Mr. Ali argues, shouldered the burden of proving that it was authorized to copy and distribute copies of Mr. Ali's work. It failed to satisfy this burden as it didn't make out either an implied license or first sale defense. And because the final call admitted that Mr. Ali has a valid copyright and it sold 115 lithographic copies that were virtually identical to Mr. Ali's work, I think this court should remand with instruction for the judge to assess statutory damages. That is Mr. Ali's prima facie case under Feist, ownership of a valid copyright and copying of the constituent elements of the work that are original. And I'll reserve the remainder of my time for it. All right. Thank you very much. Mr. Power. May it please the Court, my name is Burvey Power and I represent the final call. There are three housekeeping matters. Sorry, could you start out with what I asked Mr. Stays? In other words, what legal or factual basis is there for treating Mr. Farrakhan and the final call as identical for the purposes of a license? I would offer this. You know, the court said there's a practical identity of interest. What does that mean? I would say that's a better question for the district court for this reason. Well, you're here, you know. You have to answer it for us now. You've got to answer for him. This is how I would offer to answer it, Judge. We did not allege any affirmative defenses in this case. So any discussion about any type of affirmative defenses is an attempt to put a jacket on us that we have not put on ourselves. But the problem with that, Mr. Power, is that if you look at Feist, I mean, we live in a hierarchical judicial system and when the Supreme Court has spoken, it really doesn't make too much difference what the district courts or our court thinks. If you look at Feist, license is an affirmative defense. It could be an express license, it could be an implied license, and there are other affirmative defenses under the copyright laws as well. But the plaintiff doesn't have the burden to anticipate affirmative defenses. So maybe you should have raised. I mean, you waived your implied license defense in the district court and I think you've waived it again. Well, to the extent that the court is correct and that the Seventh Circuit has a narrow reading of implied licenses. How about Feist? Let's look at the Supreme Court's decision in Feist to just look at who has to prove what in a copyright case. And Feist says, we quoted it in Peters v. West, you have to prove that you own a valid copyright and you have to prove copying of the constituent elements that are original, which might not be the whole thing, but constituent elements. There's not a word in there about saying, and three, you have to prove that the use of the alleged infringer was unauthorized. That's an affirmative defense. I would offer this. On the same page that those elements are listed is the phrase from the Feist court, not all copying, however, is copyright infringement. Of course not, because some of it's done under implied license. Some of it's done under the fair use doctrine. Some of it's done because there's been a first sale. So the copier could certainly, a copier can also say, actually you're wrong to call this copying because I independently created. So yes, there are a whole package of doctrines under the copyright law. Or it could also mean that the creator of the work authorized the receipt. Which is for the copier to say, I was authorized to do this. I mean, look, there was a lot of litigation when Microsoft first came out with Windows. Apple sued it and said, this icon-based visual sort of display on a computer is something you copied from us. And Microsoft actually responded by saying, aha, you forgot that license. I forget what the year was, but around 1980, 1981 or so, Apple had actually, as it turns out in retrospect, foolishly given Microsoft a license. And so it was Microsoft's burden to show that. What I would offer to the court is a case cited by the appellant, which is a Microsoft case. And that's Microsoft v. Harmony. And in that case, the court said, to establish a prima facie case of copyright infringement, the plaintiff must show, one, it is the valid owner of a copyright, and two, the defendant has engaged in unauthorized copying. That's a district court decision from the Eastern District of New York. It's not from the Supreme Court of the United States. And it's, I would suggest, not compatible with our court and seems to misunderstand Rule 8 of the Federal Rules of Civil Procedure. The Copyright Act authorizes an owner of a copyright to allow someone to make copies of its work. That's correct. And so what a license is is essentially a promise not to sue you for infringement. That's the nature of a license. It's why it's different from an assignment. But since the FISE court said not all copying is copyright infringement, we can also read that to mean that if the owner of the copyright authorized someone and that person stayed within the construct of the authorization, that is not copyright infringement. I totally agree with you, but that has nothing to do with who has, A, the burden of pleading that kind of exception, or, B, who has the burden of proof. And it seems to me, in the sense of the risk of non-persuasion, if you will, that a very large line of cases out of every circuit in the country says that authorization is an affirmative defense. This is what I would offer. The plaintiff appellant was very well aware of its burden in this case. The plaintiff appellant was very well aware that it had to establish unauthorized copying. No, that's not been their position all along. Now, of course, if you are the plaintiff before a district judge that seems to be maybe not agreeing with you about what it is, you're going to try to cover as many bases as you can. But you guys withdrew your implied license defense in the district court. And I would be getting hammered right now by saying, did the final call request Mr. Ali to make the copy of the painting? The answer would be no. So to that extent, we would be getting hammered on that element of implied license. Well, that means hammered anyway. If you didn't have a license, and this vague section from the district court's opinion that I alluded to earlier, right before the loose ends language, the part on A14, I have trouble mapping that onto the requirements for showing authorization, for showing the affirmative defense. Might I cite another Supreme Court case that is cited in the appellant's brief? That is Quality Kings Distributor v. La Ronza. In that case, the Supreme Court said, in that case that dealt with marketing of products that were sold overseas and purchased back from this foreign distributor. In that case, I believe it's Justice Ginsburg said, this is an unusual copyright case because La Ronza does not claim that anyone has made unauthorized copies. Well, let me just quickly give you a brief comment. When things are made in another country, copyright law is national. So it can be authorized in France and not authorized in the United States and vice versa. There's an international convention called the Berne Convention that covers these things. But the legal issues that arise when something was legitimately made in a foreign country brought into the United States are quite distinct. I was not making it for that point. It was for the point of what Justice Ginsburg said, and that that case was unusual because it did not allege unauthorized copies. Well, and that's what she means, because it was overseas. I'm not sure that that helps us. To the extent that if you say it in the converse, the usual copyright case involves allegations of unauthorized copying. That's the converse of what she said. Well, somebody is going to say it, but that still doesn't take me all the way to who has the burden of pleading and who has the burden of proof. Let me change the subject for a moment because I'd like to know what the factual basis is that supports the finding that the 115 copies sold from 2010 to 2013 were part of some authorized batch from 1983. Because I am not understanding how the absence of evidence on the origin of the prints demonstrate that they were authorized. I would offer this. The plaintiff had the ability to at least make some inquiry as to when copies were made, and even they discovered through discovery who, in fact, about in the original case, there was a third-party printer that was on as a defendant. They dismissed them after they discovered that the printer acknowledged they had not made any of these copies in the last 20 years, I believe it was. So to that extent, the plaintiff made some attempts to identify who might have made copies, and that printer acknowledged the dozens of other prints that it made on behalf of the final call. Yes, but you see, it seems to me that the court made an unfounded leap in deciding that the 115 prints were part of an initial authorized batch simply because no one could remember a newer printing being made. There is no evidence in the record of when any prints were made. So in a complete absence of evidence, a court may not simply fill in the blanks. So we have a problem. To the extent that, and this is a point that we hold, and that is Mr. Ali, the question being, did he in fact authorize copies to be made? And one salient point that cannot be lost here. Can I ask you at what time you think that authorization either happened or should have happened? It happened at the time he said it in his deposition, which was at the time the original oil painting was done. He acknowledged that lithographs were made at the same time of the oil painting. Where does he say that? It's in his deposition. I thought that was less clear than you're suggesting. And in fact, that was the subject of their attempt to file a rather statement to change that answer, which we filed a motion to strike that attempt to change. Okay, well, I remember that part. But I don't remember anything that says he gave the lithographs to the final call as opposed to keeping them himself or giving them to Minister Farrakhan or doing anything else he might have done with them, putting them in his attic. He didn't say that at all, and that didn't come in. But obviously we know that the purpose of cross-examination is to test the veracity of the statements that the witness is giving. Well, so what if it's a true statement? If he never gave it to the final call, why does that help you? To the extent that he said that lithographs were authorized at the time the painting was done. But he did, well, for some of his other paintings, like I'm remembering the First Lady lithograph, he at some point did a limited run, as you would do with lithographs, and, you know, copy 10 out of 75 or whatever they're usually numbered. But there's nothing like that for this set of lithographs. But what we would have to do then is to look at what Mr. Ali understood when he said, yes, I understood. And not only that, the March letter that you referenced, Justice, the March letter, Mr. Ali acknowledged that he was trying to help the final call sell more copies of his painting. Twenty-five years later, though. I mean, that's why I asked you about the timing. And that's more salient because after 25 years... No, it's not. If we're trying to figure out what he was doing in 1983, why is a 2008 letter help? That's how you know 25 years later Mr. Ali still did not have a problem with the final call selling those images. He was attempting to help the final call sell more. He acknowledged in his deposition that he wanted to offer his business background to the final call to help them sell more. And quite honestly, when the final call did not take him up on that offer, it converted into a copyright infringement claim in 2013. So to that extent... Yeah, I mean, I think his response is that these were discussions towards some kind of license that would be mutually acceptable, and it was not at all to say that he was indifferent to what the final call did. And as you know, the finding of fact, the district court has accorded great deference, in fact. And so that was a finding of fact on behalf of the district. If it's supported, the clearly erroneous standard applies, but this is a pretty thin record. And here, what's also telling is that the appellant has not appealed the factual determination of the district court. The only thing that's on appeal... Well, it says there's a legal error. That's your ground to... But to something that you mentioned earlier, I believe that they should have argued in the alternative that if the final call was found to be... If the appellant was found to have the standard to prove authorization in the alternative, the court committed clear error in finding that it was, in fact, authorized on behalf of Mr. Ali. Even if Mr. Ali granted a license to Mr. Parrican to sell the lithographs, is there any evidence that the license was transferred to the final call? Could the license be transferred? Because Plano says in footnote 5 of the opening brief that it cannot be legally transferred, and you didn't respond, and I would appreciate if you could do that now. Well, I won't make the argument that it can be transferred, but what I will make the argument is... So you agree that if there is a license to A, then it can't be transferred to B. Well, I would offer this. To the extent that the district court even mentioned that it does not say, in fact, who Mr. Ali authorized to make the lithographs. It doesn't even say. His statement does not say that I authorized the Honorable Mr. Louis Parrican to make copies and lithographs. He just acknowledged that lithographs were made at the same time as the oil painting. So there is no connection and no bar there linking the picture to the Honorable Mr. Louis Parrican. So to that extent, we're trying to... Is there a statute of limitations for suits to enforce copyright infringement? Of course. It's three years, but in looking at the, I believe it was called the Raging Bull case that recently came down from the Supreme Court, when it found that the copyright infringement started in the 70s, when the activity still continued three years prior to the suit, latching was not found to be a valid defense. So that's why this is just three years' worth of copies they're going after because the activity continued. And copyrights go on for an eternity at this point since Congress has extended the term, if you think of the Elrod case or other similar cases. That's right. So the last point I would like to make, just because the argument that they're making on appeal now is not the same argument they made at the trial level. The attorney for Mr. Ali said, in the unsolicited bench memo, Mr. Ali agrees that copying must be unauthorized to be actionable as infringement. The next question said, the legal issue is who has the burden of proving they were unauthorized. Well, whose action is it? It was Mr. Ali's action. Okay. I think we have that point. So thank you very much. Thank you. Thank you. We will move along. I think you did save a little bit of time, Mr. Stays. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement.